Paul Marron, Esq., State Bar No. 128245
Steven C. Rice, Esq., State Bar No. 109659
Mark J. Polland, Esq., State Bar No. 210657
MARRON LAWYERS
320 Golden Shore, Suite 410
Long Beach, CA 90802
Tel.: 562.432.7422
Fax: 562.432.8682
E-mail: pmarron@marronlaw.com
E-mail: srice@marronlaw.com
E-mail: mpolland@marronlaw.com

Attorneys for Defendants LARRY THAXTER JAMES an individual; DEPLOYHR, INC., a California corporation

IN THE UNITED STATES DISCTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CORNERSTONE STAFFING SOLUTIONS, INC., a California Corporation,

Plaintiff,

vs.

LARRY THAXTER JAMES an individual; DAVID R. BATTON, an individual; TED MANNELLO, an individual; ANDRE DOUZDJIAN, an individual; MICHAEL SANTOS, an individual; MARCOS BARRERA, an individual; BATTON TECHNICAL ENGINEERING CONSULTANTS, INC., a Michigan Corporation; BATTON DIVERSIFIED STAFFING SOLUTIONS, a Michigan Corporation; HANBONCARO I, LLC, a Michigan Limited Liability Company a/k/a CARO I, LLC; HANBON -- MI I, LLC, a Michigan Limited Liability Company d/b/a TECHNICAL ENGINEERING CONSULTANTS; HANBON - MI II, INC., a Michigan Corporation d/b/a BATTON TECHNICAL ENGINEERING CONSULT-ANTS; HANBON -- MARLETTE, LLC, a Michigan Limited Liability Company; HANBON -- PA I, LLC a Pennsylvania Limited Liability Company; HANBON - CT I, LLC a Connecticut Limited Liability Company; TEC GROUP INC., a Michigan Corporation d/b/a TEC GROUP ALSO d/b/a TEC-

Case No.: 3:12-cv-01527-RS

Assigned to Hon. Richard Seeborg

**STIPLUATION AND [~~PROPOSED~~] ORDER FOR PRELIMINARY INJUNCTION**

<u>Hearing</u>
Date: April 23, 2012
Time: 10:00 a.m.
Courtroom: 3
Location: 17th Floor, Phillip Burton Federal Building & United States Courthouse, 150 Golden Gate Avenue, San Francisco 94102

Complaint Filed: March 27, 2012

CHRYSLER; DEPLOY HR, INC., a Pennsylvania Corpor-ation d/b/a DEPLOY HR STAFFING, INC.; DEPLOYHR, INC., a California Corporation d/b/a TEC ALSO d/b/a BATTON; and DOES 1- 100,

Defendants.

**STIPULATION**

A. WHEREAS Plaintiff CornerStone Staffing Solutions Inc. ("CornerStone") filed the above entitled action on March 27, 2012;

B. WHEREAS CornerStone obtained a Temporary Restraining Order on April 9, 2012;

C. WHEREAS CornerStone filed papers in support of a Preliminary Injunction on April 13, 2012;

D. WHEREAS Defendant Larry Thaxter James ("James") filed a Response to the Preliminary Injunction on April 19, 2012;

E. WHEREAS James and the Defendant Entities (which include Batton Technical Engineering Consultants, Inc; Batton Diversified Staffing Solutions Corp., Hanbon Caro, I, LLC; Hanbon Michigan I, LLC, Hanbon MI II,INC., Hanbon-Marlette, LLC, Hanbon PA I LLC, Hanbon CT I, LLC, TEC Group, Inc., DeployHR Staffing, Inc. and DeployHR, Inc. and individuals associated with and employed by James and/or his companies) dispute that CornerStone is entitled to a Preliminary Injunction, and specifically deny that there was any computer tampering, theft of CornerStone property, efforts to interfere with CornerStone employees, or efforts to transfer or solicit CornerStone customers, and assert that the evidence is insufficient to support any of the relief sought by the Proposed Preliminary Injunction; however, the parties mutually wish to avoid the inconvenience, expense, and uncertainty of further litigation with respect to the preliminary injunction;

F. WHEREAS the parties mutually wish to preserve the status quo as of April 9, 2012 and avoid destabilizing the operations of the respective entities and staffing companies that

are parties to this suit (in order to, among other things, maintain the status quo pending final determination on the merits and in order to provide the entities with stable operations that will discourage financial instability and predatory tactics from third party competitors that may solicit the parties' customers to transfer business away from CornerStone or the Defendants);

G. WHEREAS this Stipulation and Proposed Order do not determine the respective ownership rights of the parties with respect to the various entities that are parties to this suit, nor adjudicate or resolve other claims or remedies such as constructive trust, damages, or claims for unpaid annual profits and sales proceeds (all such claims and defenses being reserved by the parties), but the parties do wish to utilize this and perhaps other stipulations and proposed orders as a vehicle to work in good faith to clarify and define their relations *pendente lite*, with an aim towards reducing issues that require court intervention;

**IT IS STIPULATED TO AND AGREED AS FOLLOWS:**

This Stipulation and Proposed Order is not intended to be, and shall not be construed as, an admission of fact or liability for any purpose, and it shall have no effect on any subsequent determination by the Court with respect to the merits of the claims of the parties.

This Stipulation and Proposed Order was drafted equally by CornerStone and James.

James and his agents, representatives, employees and all other persons acting in concert with, at the direction of, on behalf of, or in combination with James and the Defendant Entities are hereby enjoined and restrained from:

1. Tampering with CornerStone's computer systems, removing physical property from any premises occupied or leased by CornerStone, or seeking to dissuade CornerStone employees from reporting to work, subject to the following exceptions:

(a) CornerStone leases certain real property from Hanbon Caro I, LLC in Caro, Michigan, and such lease shall remain in force as in effect on April 9, 2012. For purposes of clarity, nothing herein shall prohibit Hanbon Caro I, LLC or its employees or representatives from communicating with CornerStone personnel regarding issues relating to such lease.

(b) The Connecticut operation, ownership of which is claimed by both CornerStone and Hanbon CT, will continue to be operated consistent with past practice as a branch of CornerStone for all funding and accounting purposes under the day to day operation of Ted Mannello. For purposes of clarity, nothing herein shall prohibit James from communicating with Ted Mannello, but James shall not have any authority to direct or manage any aspect of the Connecticut operation.

(c) Except as provided in paragraph 1 b) above, the parties further stipulate and agree that the status quo as of April 9, 2012 with James and his respective co-principals in the Defendant Entities exercising executive, managerial and operational control over the Defendant Entities shall continue.

(d) There is currently personal property belonging to James on CornerStone's premises. James will not remove those items without the consent of CornerStone, however, removal of such items with CornerStone's consent will not constitute a violation of this order. If there are any such items that are in dispute as to ownership, the parties will work in good faith to try to resolve those issues. If the parties cannot resolve those issues on their own, the court will make the final determination.

2. James and his agents, representatives, employees and all other persons acting in concert with, at the direction of, on behalf of, or in combination with James and the Defendant Entities shall not seek to (i) solicit (i.e., initiate contact with) any employees of CornesStone to terminate their employment with CornerStone, or (ii) transfer CornerStone's existing customers or solicit the work of any CornerStone customer; provided, however, James and the Defendant Entities may continue to serve their existing customers as of March 23, 2012. As used herein, the term "CornerStone customer" means any customer identified as such on CornerStone's gross margin reports at any time during the 180 day period preceding March 23, 2012, but excluding any existing customer of James and the Defendant entities as of March 23, 2012. In order to facilitate communication between the parties on this issue, CornerStone shall on or prior to April

25, 2012 provide counsel for Defendants with a list of CornerStone customers (the "CornerStone Customer List"). The information in the CornerStone Customer List may be disclosed to James and the Defendant Entities; however, such list shall solely be used by James and the Defendant Entities for the purpose of assisting to James and the Defendant Entities in identifying CornerStone customers that may not be solicited or the subject of transfer efforts. The parties shall meet and confer in good faith should there be disagreement regarding whether any particular customer was a CornerStone customer or a customer of James or the Defendant Entities as of March 23, 2012. It is also acknowledged between the parties that Defendants may actively solicit the business of individuals and entities tha are not on the CornerStone Customer List. Additionally, although the status of World Class Distribution, Inc. ("WCD")~~:~~ as a customer of CornerStone vs. a customer of Defendant DeployHR, Inc./Larry James is an issue in dispute in this lawsuit, for purposes of this Proposed Stipulation and Order Thereon/injunction, WCD is deemed to be a customer of Deploy/Larry James.

3. James and the Defendant Entities are enjoined from disposing of any interest in any of the Defendant Entities; however, James may investigate or respond to potential sales opportunities for the Defendant Entities or CornerStone, so long as counsel for CornerStone is informed. Issues short of final sale, such as preliminary discussions though draft sales documents, letters of intent and the like are not prohibited by this Order. No sale may close without Court consent or the agreement of the parties.

4. Nothing in this Stipulation and Proposed Order/Injunction shall prohibit any party from seeking to modify the terms of the injunction upon motion and depending on the facts as they develop. The preliminary injunction shall otherwise remain in effect until it is cancelled or modified by application or order of the court, or until judgment is entered, whichever comes first. CornerStone shall continue its $100,000 bond as security for the injunction, unless modified by application or court order.

5. Subject to Court approval, the Order to Show Cause/Hearing on Preliminary Injunction currently set for ~~May~~ April 23, 2012 at 10 am need not proceed.

6. The parties shall meet and confer in good faith before filing any additional motionsrelated to the subject matter of this Stipulation and Proposed Order/Injunction.

**IT IS SO STIPULATED.**

For CornerStone Staffing Solutions, Inc.:

Date: April 21, 2012

Name: Neil Martin, Esq.

Signed: */s/ Neil Martin*

For Larry James:

Date: April 21, 2012

Name: Paul Marron, Esq.

Signed: /s/ *Paul Marron*

**~~[PROPOSED~~] ORDER**

**PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED.**

DATE:_4/23/12_____

THE HONORABLE RICHARD SEEBORG
JUDGE OF THE NORTHERN DISTRICT OF CALIFORNIA