1  Paul Marron, Esq., State Bar No. 128245
   Steven C. Rice, Esq., State Bar No. 109659
2  Mark J. Polland, Esq., State Bar No. 210657
   MARRON LAWYERS
3  320 Golden Shore, Suite 410
   Long Beach, CA 90802
4  Tel.: 562.432.7422
   Fax: 562.432.8682
5  E-mail: pmarron@marronlaw.com
   E-mail: srice@marronlaw.com
6  E-mail: mpolland@marronlaw.com

7
   Attorneys for Defendants LARRY THAXTER
8  JAMES an individual; DEPLOYHR, INC.,
   a California corporation
9

   IN THE UNITED STATES DISCTRICT COURT
10
   FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
   SAN FRANCISCO DIVISION
12

| | |
|---|---|
| 13  CORNERSTONE STAFFING SOLUTIONS, INC., a California Corporation, | Case No.: 3:12-cv-01527-RS |
| 14  Plaintiff, | Assigned to Hon. Richard Seeborg |
| 15  vs. | **STIPLUATION FOR PROTECTIVE ORDER AND ORDER THEREON** |
| 16  LARRY THAXTER JAMES, an individual; DAVID R. BATTON, an individual; TED MANNELLO, an individual; ANDRE DOUZDJIAN, an individual; MICHAEL SANTOS, an individual; MARCOS BARRERA, an individual; BATTON TECHNICAL ENGINEERING CONSULTANTS, INC., a Michigan Corporation; BATTON DIVERSIFIED STAFFING SOLUTIONS, a Michigan Corporation; HANBONCARO I, LLC, a Michigan Limited Liability Company a/k/a CARO I, LLC; HANBON - - MI I, LLC, a Michigan Limited Liability Company d/b/a TECHNICAL ENGINEERING CONSULTANTS; HANBON - MI II, INC., a Michigan Corporation d/b/a BATTON TECHNICAL ENGINEERING CONSULT-ANTS; HANBON -- MARLETTE, LLC, a Michigan Limited Liability Company; HANBON -- PA I, LLC a Pennsylvania Limited Liability Company; HANBON - CT I, LLC a Connecticut Limited Liability Company; TEC GROUP INC., a Michigan Corporation d/b/a TEC GROUP ALSO d/b/a TEC- | Hearing<br>Date: July 19, 2012<br>Time: 10:00 a.m.<br>Courtroom: 3<br>Location: 17th Floor, Phillip Burton Federal Building & United States Courthouse, 150 Golden Gate Avenue, San Francisco 94102<br><br>Complaint Filed: March 27, 2012 |

1

| | |
|---|---|
| 1 | CHRYSLER; DEPLOY HR, INC., a Pennsylvania Corpor-ation d/b/a DEPLOY HR STAFFING, INC.; DEPLOYHR, INC., a California Corporation d/b/a TEC ALSO d/b/a BATTON; and DOES 1- 100, |
| 2 | |
| 3 | |
| 4 | Defendants. |

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that the following Protective Order may be entered by the Court.

1.   INTRODUCTION

This Stipulated Protective Order shall govern any designated document, file, electronic information or deposition testimony and exhibits produced or created in this action, pursuant to discovery, voluntary disclosure or otherwise. The words "files," "documents," "electronic information," "materials" and "information are used interchangeably and as appropriate given context.  The use of one term is not intended in any instance as exclusion of the other.

2.   DESIGNATION

Whether in response to formal discovery, pursuant to FRCP Rule 26 voluntary disclosures, or otherwise produced, a Party (the "Designating Party") producing electronic information, materials,  files or documents pursuant to any other party in the case (the "Inspecting Party" or "Receiving Party"), may designate all or any potion of such information, materials, documents or deposition.

A designation of "CONFIDENTIAL" may be given to material that the Designating Party considers trade secrets, confidential technical, business, financial or proprietary information, as well as personal/private information that would embarrass the Designating Party if publicly available. This designation shall be made: (a) by stamping each page of a document containing confidential information with the legend CONFIDENTIAL prior to its production [or, if previously inadvertently or otherwise -produced or disclosed without such legend, by promptly furnishing written notice to the receiving party that the information or document shall be CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the documents in question]; (b) by placing the legend CONFIDENTIAL adjacent to an interrogatory or interrogatory response setting forth such information; or (c) by designating deposition or other

sworn testimony. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all CONFIDENTIAL materials provided for inspection by an attorney for the party shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

3.   DESIGNATING

A Designating Party's determination that information is CONFIDENTIAL and to be covered by this Protective Order shall be made in good faith and after reasonable investigation. As a general guideline, any information which is publicly available, including any information which can be ascertained from examination of a product, service, or publication sold or distributed by any party to the general public or which is available within the subject industry and publications concerning the subject industry (employee staffing) should not be designated as "CONFIDENTIAL." CONFIDENTIAL information may include any information that would not otherwise be obtainable from public sources. To the extent that a document containing information from a public source also contains information which reflects mental impressions, conclusions, opinions or other information that would constitute a trade secret, confidential financial information or private person's financial information including but not limited to tax returns, financial statements, or accountings, then those portions only of any document may be designated as "CONFIDENTIAL" only when such information has not been disclosed to any third party not bound by any order, duty or privilege of "confidentiality."

Information may be designated CONFIDENTIAL if it contains trade secrets such as information relating to product or services information; confidential business information such as customer lists, rates, customers and marketing surveys, marketing plans or strategies; or non-public financial information or, including without limitation, sales, profits, liabilities, gross income, net income, and asset information, which would put the producing person or entity at a competitive disadvantage if the information became known to the receiving party or other third party. CONFIDENTIAL may also include personal information of a private nature which would subject a party to embarrassment or ridicule if publicly disclosed.

Any discovery material produced by a non-party to the litigation may be designated as CONFIDENTIAL only if it meets the same standards as for the Parties.

///

///

4. **LARRY JAMES' DELL LAPTOP**

While associated with Plaintiff CornerStone, Defendant Larry James had a Dell laptop computer ("the Dell Laptop") which he used for the following purposes: CornerStone business; James' separate businesses such as DeployHR, Inc.; and Personal matters such as financial information, investments, family communications, pictures, calendar, personal e-mails and the like. After his termination from CornerStone on March 23, 2012 and upon learning he was a defendant in this lawsuit, James used the Dell Laptop to continue running his businesses and to investigate hiring counsel and communicate with the lawyers he eventually retained.

After the potential significance of electronic information saved on the Dell Laptop concerning James' work and communications at CornerStone and his companies' businesses became apparent, and for purposes of document preservation in this matter, Marron Lawyers (counsel for James) hired an independent computer forensic service, Kroll Ontrack ("Kroll"), to make an exact copy of the user files on the Dell laptop, not including the system, program, or operating software, onto: 1) a segregated folder on a protected server at Kroll which no one other than Kroll has access to; and 2) an external hard drive, Hard Drive No. 1 ("HD 1"). James also subsequently stopped using the Laptop; obtained a new laptop which he uses for his personal affairs and to operate his companies such as Deploy; and deposited the Dell laptop with his lawyers.

Marron Lawyers will review the files/documents/electronic information on HD 1 and identify documents that contain James and the Entity Defendants communications which are: A) attorney client or otherwise privileged; or B) personal information which has no actual or potential bearing on the issues in this case; and C) the business affairs of the Entity Defendants after March 23, 2012. Marron Lawyers will remove documents in categories A); B) & C) from HD1 and place them on a separate hard drive in a segregated folder which will be preserved until the litigation is over.

Within ten business days of execution of this Stipulation & Order by the parties, Marron Lawyers will provide to Hill, Farrer & Burrill a written privilege log ("James Privilege Log") of all the privileged/personal/post termination business documents they remove. The James Privilege Log shall include (a) the date; (b) author(s); (c) recipients (including ccs and blind ccs); summary of the subject line (for e-mails, letters, memos and other correspondence/documents); (e) a brief statement of the subject matter of the document; and (f) the basis for its removal. Plaintiff CornerStone reserves the right to seek discovery of such documents and upon request, James shall

provide withheld documents to a judicial officer for an *in camera* inspection on reasonable notice.

After the privileged, personal, post termination business documents are removed from HD1, Marron Lawyers shall instruct Kroll & Associates to save the remaining documents and files on HD1 on to two duplicate separate storage devices. These devices shall be named Separate Storage Device (SSD) 1 (CornerStone Copy) and SSD 1 (James Copy). All documents on the respective versions of SSD1 are CONFIDENTIAL documents pursuant to this Protective Order. Starting on the first business day after delivery of their respective copies of SSD1, the Parties shall have ten business days in which to designate any document on SSD 1 as CONFIDENTIAL ATTORNEYS EYES ONLY. Use of any document from SSD1 designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY shall be subject to the terms of this Protective Order.

5.   USE OF CONFIDENTIAL MATERIAL

Each party and all persons bound by the terms of this Protective Order shall use any information or document designated CONFIDENTIAL only for purposes of prosecution or defense of this action. The Parties and their counsel shall exercise reasonable care to insure that the information and documents designated CONFIDENTIAL are (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons. Control and distribution of all discovery material shall be the responsibility of attorneys of record herein, and shall be solely in accordance with the provisions of this Order. Any copying of Confidential Discovery Material shall be limited to the amount needed to effectuate the litigation of this matter.

Documents and information designated as "CONFIDENTIAL" shall only be inspected, examined or read by, and disclosed, described or summarized on a need-to-know basis and only to the parties to this action, attorneys for the parties and their authorized secretarial and legal assistant staff, in-house counsel, personal counsel, potential witnesses and witnesses (but only if needed for testimony or investigation and no copies are to be given to the potential witness/witness), investigators, government and private entity representatives (if such disclosure is related to the claims, defenses or damages sought by the parties, or will assist the parties in establishing the claims, defenses and damages sought), the Court, independent consultants and experts including but not limited to economists, accountants, forensic examiners, and other

retained experts whose technical or expert advice and consultations are being, or will, be used in connection with the present litigation.

By mutual written agreement or Court order after a noticed motion showing good cause, documents/ information designated CONFIDENTIAL may be disclosed to any third party not authorized per this Section.

6.  CONFIDENTIAL - ATTORNEYS EYES ONLY MATERIAL & USE OF SAME.

A Designating Party may designate material as CONFIDENTIAL – ATTORNEYS EYES ONLY. However, such designation shall only occur in a case of exceptional and specific need, with need being assessed in the context of this litigation.  The context of this litigation is that the claims and allegations raised by Plaintiff, and the claims and allegations which will be raised by Defendant(s), to a large degree involve the confidential business activities of both sides and is information that generally could be characterized as a trade secret, as it involves Defendant's operation of Plaintiff CornerStone, as well as the formation and business activities of Defendants. However, in order for both sides to effectively respond to the allegations against them, the parties will need to have access to confidential business information and trade secrets, particularly if such information was generated or used by either side prior to the termination of Defendant Larry James on March 23, 2012.  Accordingly, information involving the trade secrets and confidential business/financial information of the respective parties/sides in this litigation, particularly if created prior to James termination, generally will not be characterized as CONFIDENTIAL ATTORNEYS EYES ONLY, but may be designated CONFIDENTIAL.

The Parties further acknowledge the disfavor courts generally have with respect to excessive limitations and requirements with respect to confidentiality because they "frequently invite nonproductive satellite litigation" concerning the limitations and alleged violations. *MGP Ingredients, Inc. v. Mars, Inc. (245 FRD 497, 502 (D KS 2007).* Accordingly, the Parties shall adhere in good faith to the basic limitations with respect to documents labeled CONFIDENTIAL and use the CONFIDENTIAL ATTORNEYS EYES ONLY designation only in cases of exceptional and specific need.

Except as otherwise provided herein, Confidential Discovery Material designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" may be inspected, examined or read by, and disclosed, described or summarized to, only the following persons:

(a) counsel of record for plaintiff and defendants in this litigation, their partners, associates,

paralegals and other internal law office employees, and other lawyers specifically retained by them in connection with the litigation and members of said counsels' clerical and secretarial staff who are working on this case under the direction of such counsel, to whom it is necessary that the material be shown for purposes of this case;

(b) other persons requested or retained by or on behalf of any party or counsel to provide or furnish technical, analytical or other expert assistance or testimony, or who are consulted with, in connection with this litigation, and their employees ("experts");

(c) stenographic reporters engaged in deposition proceedings; and

(d) the Court.

Each person authorized to review CONFIDENTIAL ATTORNEYS EYES ONLY material shall use any information or documents only for purposes of prosecution or defense of this action. The Parties and their counsel shall exercise reasonable care to insure that the information and documents designated CONFIDENTIAL ATTORNEYS EYES ONLY are (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons. Control and distribution of all discovery material shall be the responsibility of attorneys of record herein, and shall be solely in accordance with the provisions of this Order. Any copying of CONFIDENTIAL ATTORNEYS EYES ONLY material shall be limited to the amount needed to effectuate the litigation of this matter.

By mutual written agreement or Court order after a noticed motion showing good cause, documents/ information designated CONFIDENTIAL-ATTORNEYS EYES ONLY may be disclosed to any third party not authorized per this Section.

7. USE BY EXPERTS

A party desiring to disclose documents or things designated CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY to outside, independent experts or consultants shall first obtain from each expert or consultant a signed undertaking in the form of Exhibit A hereto, reciting that such person had read the Stipulated Protective Order Respecting Confidential Material and promises to comply fully therewith, and instructs their staff on compliance, and consents to the jurisdiction of the Court in connection with the enforcement of this Order, as well as his agreement to be bound by its terms. Copies of this attestation shall be retained by counsel directing the disclosure.

Case No. 3:12-cv-01527-RS
**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**

023255/2012-1070

8.   DOCUMENTS FILED WITH THE COURT

In the event CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY information is utilized in briefs or documents filed with the Court, its confidential nature shall be indicated by appropriate footnote, and either party may request that the Court maintain the brief or document under seal.

9.   DESIGNATION OF DEPOSITION TRANSCRIPTS

Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (1) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY by the reporter, as the designating party may direct, or (2) within thirty (30) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

10.   DESIGNATION AT HEARING OR ARGUMENT

With respect to testimony or argument presented during hearings and other proceedings, whenever counsel for any party deems that any question(s) or argument(s) call for the disclosure of information that should be kept CONFIDENTIAL or CONFIDENTIAL -ATTORNEYS EYES ONLY, subject to Court approval, counsel may designate the disclosure as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY.

11.   DISCLOSURE TO AUTHOR OR RECIPIENT

Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a party from disclosing a document, whether designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient, or otherwise was a recipient of such document; and regardless of designation pursuant to this Order.

12.   CONFIDENTIALITY OF PARTY'S OWN DOCUMENTS

Nothing herein shall affect the right of the designating party to disclose to its officers,

directors, employees, consultants or experts, or to any other person, information or documents designated by it as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of this Protective Order.

13.   PREPARATION OF WITNESSES AND EXHIBIT DESIGNATION

Any party may mark any designated material as an exhibit to a deposition, hearing, or other proceeding and examine any witness thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation and treatment as the original document. Said documents may be used for purposes of witness preparation and examination. Witnesses shall not be allowed to retain copies of designated documents shown to them.

14.   PRIOR OR PUBLIC KNOWLEDGE

The restrictions and obligations set forth herein relating to documents and information marked CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY shall not apply to any information which (a) was or becomes public knowledge other than as a result of disclosure by a receiving party, (b) has come or shall come into the receiving party's lawful possession independently of the designating party; or, (c) is obtained by the receiving party from a third party that has no direct or indirect obligation of confidentiality to the designating party with respect thereto. The restrictions and obligations herein re confidentiality shall not be deemed to prohibit discussions with any person about any documents or things marked CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY if that person already had or obtained lawful possession thereof other than pursuant to this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall affect or restrict use or disclosure of documents or things obtained other than through discovery (including pursuant to FRCP Rule 26 disclosures) pursuant to this Stipulated Order.

15.   NON-PARTY MATERIAL

The terms of this Protective Order are also applicable to CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY information submitted by a non-party, and such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. A non-party providing information to all the parties

through either formal or informal discovery means shall a) have the same right as a party to designate any such information under this Protective Order and b) shall have standing to enforce the terms of this Protective Order with respect to disclosure and use of that non-party's designated information.

16.  INADVERTENT DISCLOSURE

If a Designating Party through prior disclosure or inadvertence produces a document or copy thereof which contains CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS EYES ONLY information without marking it with such annotation, it may be disclosed to others until the receiving party is notified of the error. It shall be the Designating Party's responsibility to notify all Receiving Parties promptly after discovery of the error, and provide the Receiving Parties with substitute documents bearing the correct CONFIDENTIAL notation.

17.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS.

Particularly given the volume of documents that may have some bearing on the issues in this case, the Parties agree that the distribution of SSD1 and/or disclosures of other documents voluntarily or pursuant to discovery may result in inadvertent disclosure of information that is protected by the attorney client or work product privilege. The parties agree that any such disclosure would fall under the protection of Federal Rule of Evidence 502(b) and that upon discovery of attorney client or work product information on SSD1 or in voluntary or discovery disclosures/production, the parties will take reasonable steps to remove/not use the information or otherwise rectify the error.

18.  NO WAIVER OR TERMINATION WITHOUT MUTUAL AGREEMENT

No part of the restrictions imposed by this Protective Order maybe waived or terminated, except by the written agreement executed by counsel of record for each designating party or by the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this lawsuit, but shall continue until further Order of the Court.

19.  MODIFICATION OF ORDER BY AGREEMENT

This Stipulated Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further order of the Court.

20.     OTHER PROTECTION & CHALLENGE TO DESIGNATION

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate. Nor shall any party be precluded from (i) claiming that any matter designated hereunder as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY in fact is not entitled to such designation; or the protections of this Protective Order, (ii) applying to the Court for an Order removing a CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY designation; or permitting a disclosure or use of information or documents otherwise prohibited by this Protective Order, or (iii) applying for an Order modifying this Protective Order in any respect.

The Parties stipulate that the Court may reduce the time by Ex Parte Application to hear a confidentiality discovery dispute motion.

No party shall be obligated to challenge the propriety of any confidentiality designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

On any motions challenging the designation of any document or other record of information as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY, the burden of justifying the designation shall lie with the Designating Party.

21.     SCOPE OF ORDER; ENFORCEABLITY

This Order shall be binding upon any future unaffiliated party to this litigation, and no discovery materials produced hereunder shall be disclosed to any such party until they or their counsel agree to be bound by the terms of this Order.  This Order shall be binding in any jurisdiction in which this litigation or discovery proceedings in this litigation may be conducted. Applications to enforce or modify this agreement may be made to any court with jurisdiction, including specifically: the court which orders this agreement; any court to which this case may be transferred; and any court issuing a subpoena or otherwise having jurisdiction over discovery proceedings.

22.     RETURN OF DESIGNATED INFORMATION

Upon final termination of this action, unless otherwise agreed to in writing by an attorney for the designating party, each party shall assemble and return all designated material, including

all copies, extracts and summaries thereof, to the party from whom the designated material was obtained within ninety (90) days, if so requested by the producing party, or shall destroy all such documents except that counsel may retain, subject to the terms of this Order, a file copy of all papers, including testimony transcripts, filed or served in this action. All copies of documents, and all information and notes derived from them, excluding attorney work product, shall be destroyed. For all Confidential Discovery Material retained by counsel, the terms of this Stipulated Protective Order shall be considered continuing in nature.

23.   CONTINUING JURISIDICTION

This Order is ongoing and shall survive termination of this lawsuit. The Court of competent jurisdiction shall retain jurisdiction o enforce the Protective Order even after termination of this lawsuit.

///
///
///

1 | FOR PLAINTIFF CORNERSTONE STAFDFING SOLUTIONS, INC.

2 | Dated: May 15, 2012     HILL FARRER & BURRILL

*/s/ Neil Martin*
Neil Martin
Michael Di Biase
Clayton Hix

FOR DEFENDANTS LARRY JAMES, BATTON TECHNICAL ENGINEERING CONSULTANTS, INC., BATTON DIVERSIFIED STAFFING SOLUTIONS, TEC GROUP, INC., HANBON-CARO I, LLC, HANBON-MI I, LLC, HANBON-MI II, LLC, HANBON-MARLETTE I, LLC, HANBON-PA, LLC, HANBON-CT I, LLC, DEPLOYHR, INC.

Dated: May 18, 2012     MARRON LAWYERS

*/s/ Paul Marron*
Paul Marron, Esq.
Mark Polland, Esq.
Ngoc Le, Esq.

FOR DEFENDANTS HANBON CT & MICHAEL SANTOS

Dated: May ____, 2012     WOODS LAW GROUP, APC

Briny A. Woods, Esq.

FOR DEFENDANT MARCOS BARRERA

Dated: May ____, 2012     BURKHARDT & LARSON

Philip Burkhardt, Esq.

**IT IS SO ORDERED:**

Dated: May____, 2012

THE HONORABLE RICHARD SEEBORG
JUDGE OF THE NORTHERN DISTRICT
OF CALIFORNIA

13

Case No. 3:12-cv-01527-RS
STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON

023255/2012-1070

FOR PLAINTIFF CORNERSTONE STAFDFING SOLUTIONS, INC.

Dated: May _____, 2012            HILL FARRER & BURRILL

_____
Neil Martin
Michael Di Biase
Clayton Hix

FOR DEFENDANTS LARRY JAMES, BATTON TECHNICAL ENGINEERING CONSULTANTS, INC., BATTON DIVERSIFIED STAFFING SOLUTIONS, TEC GROUP, INC., HANBON-CARO I, LLC, HANBON-MI I, LLC, HANBON-MI II, LLC, HANBON-MARLETTE I, LLC, HANBON-PA, LLC, HANBON-CT I, LLC, DEPLOYHR, INC.

Dated: May 18, 2012                 MARRON LAWYERS

/s/ Paul Marron
_____
Paul Marron, Esq.
Mark Polland, Esq.
Ngoc Le, Esq.

FOR DEFENDANTS HANBON CT & MICHAEL SANTOS

Dated: May 21, 2012                 WOODS LAW GROUP, APC

/s/ Briny Woods
_____
Briny A. Woods, Esq.

FOR DEFENDANT MARCOS BARRERA

Dated: May _____, 2012            BURKHARDT & LARSON

_____
Philip Burkhardt, Esq.

**IT IS SO ORDERED:**

Dated: May_____, 2012

_____
THE HONORABLE RICHARD SEEBORG
JUDGE OF THE NORTHERN DISTRICT
OF CALIFORNIA

1  FOR PLAINTIFF CORNERSTONE STAFDFING SOLUTIONS, INC.

2  Dated: May _____, 2012                HILL FARRER & BURRILL

3

4  
                                            _____
5                                           Neil Martin
                                            Michael Di Biase
6                                           Clayton Hix

7  FOR DEFENDANTS LARRY JAMES, BATTON TECHNICAL ENGINEERING
   CONSULTANTS, INC., BATTON DIVERSIFIED STAFFING SOLUTIONS, TEC GROUP,
8  INC., HANBON-CARO I, LLC, HANBON-MI I, LLC, HANBON-MI II, LLC, HANBON-
   MARLETTE I, LLC, HANBON-PA, LLC, HANBON-CT I, LLC, DEPLOYHR, INC.

9  Dated: May 18, 2012                     MARRON LAWYERS
10

11
                                            /s/ Paul Marron
12                                          _____
                                            Paul Marron, Esq.
13                                          Mark Polland, Esq.
                                            Ngoc Le, Esq.
14

15  FOR DEFENDANTS HANBON CT & MICHAEL SANTOS

16  Dated: May _____, 2012               WOODS LAW GROUP, APC

17

18
                                            _____
19                                          Briny A. Woods, Esq.

20  FOR DEFENDANT MARCOS BARRERA

21  Dated: May 18, 2012                    BURKHARDT & LARSON

22

23                                          /s/ Philip Burkhardt
                                            _____
                                            Philip Burkhardt, Esq.
24

    **IT IS SO ORDERED:**
25

26  Dated: May 24, 2012                    /s/ Richard Seeborg
                                            _____
27                                          THE HONORABLE RICHARD SEEBORG
                                            JUDGE OF THE NORTHERN DISTRICT
28                                          OF CALIFORNIA

13

**EXHIBIT A**

1. I, the person named below, declare that the following information is true:

   Name:_____

   Address:_____

   Employer name and address:_____

   Title:_____

   Occupation/job description:_____

   I am executing this undertaking on behalf of (check all that are applicable):

   _____myself           _____my employer

2. I have received a copy of the agreed confidentiality Protective Order in this action.

3. I have carefully read and understand the provisions of the protective order. I agree to be bound by it, and specifically agree that I will not disclose to anyone any of the contents of any protected information received under the protection of the protective order in violation thereof and consent to the jurisdiction of the Arbitrator or any court of competent jurisdiction for the purposes of any action to enforce this protective order.

4. I understand that I am to retain all copies of any of the materials that I receive that have been designated as CONFIDENTIAL OR CONFIDENTIAL ATTORNEYS EYES ONLY in a container, cabinet, drawer, room or other safe place in a manner consistent with the protective order and that all copies are to remain in my custody until I have completed my assigned or legal duties.

5. I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the protective order. If I am executing this undertaking on behalf of my employer as indicated above, I agree on its behalf that it too will be bound by the provisions of the protective order and that it too will abide by the requirements set out in Sections 3 and 4 of this undertaking.

   I declare under penalty of perjury under the law of the United States and the laws of the State of California that the foregoing is true and correct and that this declaration was executed on _____, 20_____ at _____, _____.

   Dated: _____, 20____                    _____
                                                Signature

1

023255/2012-1070

**Case No. 3:12-cv-01527-RS**
**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Long Beach, California; my business address is Marron Lawyers, 320 Golden Shore, Suite 410, Long Beach, CA 90802.

On the date below I served a copy of the following document:

**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**

on all interested parties in said case as follows:

**Served Electronically via Court's CM/ECF System**

| | |
|---|---|
| Neil D. Martin, Esq. | Philip Burkhardt, Esq. |
| Clayton J. Hix | Burkhardt & Larson |
| HILL, FARRER & BURRILL LLP | 6002 El Tordo |
| One California Plaza | P.O. Box 1369 |
| 300 South Grand Avenue, 37th Floor | Rancho Santa Fe, CA  92067 |
| Los Angeles, CA 90071·3147 | Phone: (858) 756-3743 |
| Telephone: (213) 620-0460 | Fax: (858) 756-9805 |
| Fax: (213) 624-4840 | phil@burkhardtandlarson.com |
| nmartin@hillfarrer.com | *[Attorneys for Defendants Marcos Barrera]* |
| chix@hillfarrer.com | |
| *[Attorneys for Plaintiff]* | |

**Served via Mail**

Briny Adam Woods, Esq.
WOODS LAW GROUP, P.C.
16520 Bake Parkway, Suite 220
Irvine, CA 92618
Telephone: (949) 582-2440
Fax: (949) 276-3117
briny@woodslawgroup.com
*[Attorneys for Defendants Michael Santos and Hanbon CT I, LLC]*

[X] FEDERAL: I declare that I am employed in the office of a member of the bar of this Court as whose direction this service was made.

Executed this 24th day of May, 2012, in Long Beach, California.

/s/ Mark Polland
Mark Polland

1

**Case No. 3:12-cv-01527-RS**
**STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON**

023255/2012-1070