IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CORNERSTONE STAFFING SOLUTIONS, INC., a California corporation,

        Plaintiff

v.

LARRY THAXTER JAMES, an individual; et al.,

        Defendants.
_____/

AND RELATED CROSS-ACTIONS.
_____/

No. C 12-01527 RS

**ORDER CONTINUING MOTION FOR PARTIAL SUMMARY JUDGMENT**

      Plaintiff Cornerstone Staffing Solutions, Inc. and Mary Anderson (collectively, "Cornerstone") moved for partial summary judgment on June 6, 2013. Larry James then filed a document captioned "ex parte application to continue the opposition and hearing for Cornerstone's motion for summary judgment." For the following reasons James's request to continue the summary judgment briefing schedule and hearing, construed as an opposition to the partial summary judgment motion under Federal Rule of Civil Procedure 56(d), is granted.

      James seeks a sixty-day continuance of Cornerstone's partial summary judgment motion to depose Anderson, arguing the motion is premature and that a continuance will allow him to conduct discovery necessary to demonstrate triable issues of fact exist to defeat the motion. Cornerstone

opposes the continuance on the grounds that the filing is procedurally improper as an ex parte motion and fails to make the requisite showing under Rule 56(d).

Although captioned as an ex parte motion, James's request is not such a motion within the meaning of Local Rule 7-10, as Cornerstone has notice of it. The local or federal rules pertaining to ex parte motions, therefore, do not apply. Nor is the motion brought as a properly noticed motion pursuant to Local Rule 7-2.

Construed as an opposition to the motion for partial summary judgment under Rule 56(d), however, James's request to continue is properly before the Court. Rule 56(d) permits denial or continuance of a motion for summary judgment if the nonmovant shows that, "for specified reasons, it cannot present facts essential to justify its opposition." A party requesting a Rule 56(d) continuance bears the burden of setting forth in declaration or affidavit form the specific facts it hopes to elicit from further discovery; and of demonstrating that the facts sought exist, and that the sought-after facts are essential to oppose summary judgment. *See* Fed. R. Civ. Proc. 56(d); *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Although James has not filed the separate declaration or affidavit mentioned in the rule, his brief provides the required information. James argues the additional time will allow him to depose Anderson to obtain facts supporting the existence of an oral employment contract as well as Cornerstone's financial information showing additional money owed for his services. The interest of judicial efficiency will be served by allowing one of the most central witnesses in this case to be deposed before adjudicating the motion for summary judgment.

The request is granted. The hearing on the motion for summary judgment is continued until Thursday, September 19, 2013, at 1:30 p.m. James's opposition is due on September 5, 2013, at which time non-expert discovery will have closed. Cornerstone's reply, if any, must be filed by September 12, 2013.

IT IS SO ORDERED.

Dated: 6/20/13

RICHARD SEEBORG  
UNITED STATES DISTRICT JUDGE

2

No. 12-01527 RS  
ORDER