**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7         IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9              SAN FRANCISCO DIVISION

10
11
12

13  CORNERSTONE STAFFING                    No. C 12-1527 RS
    SOLUTIONS, INC., a California
    corporation,
14
                                            **ORDER DENYING MOTION TO**
15            Plaintiff,                     **BIFURCATE AND TO APPOINT A**
                                            **SPECIAL MASTER**
        v.
16

17  LARRY THAXTER JAMES, an individual;
    *et al.*,
18
              Defendants.
19  _____/

20      This motion arises out of a long-running dispute between CornerStone Staffing Solutions,

21  Inc. and Larry Thaxter James, a former CornerStone manager.  The central facts are set out in the

22  summary judgment order issued this same day, but for purposes of resolving the present motion, the

23  gist of the dispute is as follows:  CornerStone claims that James orchestrated a scheme to

24  misappropriate the company's resources and customers.  James alleges that Mary Anderson, the

25  company's president and owner, defrauded him and benefitted herself by engaging in years of

26  accounting improprieties.  CornerStone sued first, but James counterclaimed, seeking, *inter alia*, an

27  accounting of CornerStone's profits, losses, and assets.

28

**United States District Court**
For the Northern District of California

1    The parties have divergent views of the accounting practices employed by Anderson and

2    CornerStone.  James believes that Anderson engaged in a years-long pattern of self-dealing by

3    manipulating CornerStone's earnings and expenses for her own benefit.  CornerStone maintains that

4    Anderson's actions were proper, asserting that James and his employees were responsible for any

5    accounting improprieties.  James moves for a separate trial on his accounting counterclaim, arguing

6    that determining CornerStone's profits and value in advance will shorten and simplify the trial on

7    the parties' other claims and counterclaims.  He also seeks the appointment of a special master or an

8    independent expert to address the accounting complexities.  Because James has not met his burden

9    to show that the issues he seeks to bifurcate are sufficiently separable from matters that must be

10   presented to the jury, and because he also fails to demonstrate that the appointment of a special

11   master or independent expert is warranted, the motion is denied.

12       A.  Motion to Bifurcate

13       Federal Rule of Civil Procedure 42(b) permits district courts to order a separate trial "of one

14   or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for purposes of

15   "convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b).  Generally,

16   a district court "has broad discretion to bifurcate a trial to permit deferral of costly and possibly

17   unnecessary proceedings[.]"  *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001).

18   Courts consider several factors in determining whether bifurcation is appropriate, including

19   separability of the issues, simplification of discovery, conservation of resources, and prejudice to the

20   parties.  *See Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982); *Arnold v. United Artists Theatre*

21   *Circuit, Inc.,* 158 F.R.D. 439, 459 (N.D. Cal. 1994).  The party requesting bifurcation has the burden

22   to prove that it is warranted in a particular case.  *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*,

23   144 F.R.D. 99, 102 (N.D. Cal. 1992).

24       When a case involves both legal and equitable claims, however, "the trial judge has only

25   limited discretion in determining the sequence of trial and 'that discretion . . . must, wherever

26   possible, be exercised to preserve jury trial.'"  *Dollar Sys. v. Avcar Leasing Sys.*, 890 F.2d 165, 170

27   (9th Cir. 1989) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959)).  In

28   particular, "where there are issues common to both the equitable and legal claims, 'the legal claims

**United States District Court**
For the Northern District of California

involved in the action must be determined prior to any final court determination of [the] equitable claims.'" *Dollar Sys.*, 890 F.2d at 170 (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962)). Thus, a critical inquiry is whether there is overlap in any legal or factual issues arising from the counterclaim James seeks to bifurcate and those present in claims and counterclaims that will be presented to the jury.

For James to prevail on his counterclaim for accounting, he must establish that (1) a relationship exists between him and counterdefendants that requires an accounting, and (2) some balance is due to him that can only be ascertained by an accounting. *Bernardi v. Deutsche Bank Nat. Trust Co. Am.*, 2013 WL 163285 (N.D. Cal. 2013) (citing *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179, 92 Cal. Rptr. 3d 696 (2009)). Accordingly, an accounting of CornerStone's profits and value is not proper unless and until James can demonstrate, *inter alia*, that some balance is owed to him. His motion proceeds on the assumption that Anderson and CornerStone owe him money, which CornerStone hotly disputes. Until the trier of fact determines that the counterdefendants are liable to James, an accounting is premature. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) ("[W]here there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'") (quoting *Dairy Queen,* 369 U.S. at 479 (alteration in original) (citations omitted)). James' motion, which essentially requests damages be assessed prior to determining liability, is therefore denied.

B. Motion for an Independent Accounting

James also moves for an independent accounting, either through the appointment of a special master or an independent expert. He maintains that such an appointment is necessary, regardless of whether the accounting counterclaim is tried separately. As with his request for a separate trial, James contends that appointing an independent expert is warranted because CornerStone's financial statements are rife with such complex inaccuracies that a jury will be thoroughly confused and potentially unable to resolve the issues.

Rule 53(a), which governs the appointment of special masters, states in pertinent part that a court may appoint a special master to "hold trial proceedings and make or recommend findings of

**United States District Court**
For the Northern District of California

1    fact on issues to be decided without a jury if appointment is warranted by . . . the need to perform an

2    accounting or resolve a difficult computation of damages[.]"  Fed. R. Civ. P. 53(a)(1)(B)(i).

3    CornerStone disputes the applicability of this section, arguing that an accounting is not appropriate.

4    Even assuming that it were, James has failed to demonstrate the appointment of a special master is

5    warranted under Rule 53.  James' accounting counterclaim is premised on the allegation that

6    Anderson manipulated CornerStone's financial statements for years.  While the task of sorting out

7    CornerStone's finances may not be simple, James has failed to demonstrate how this case requires a

8    more complex or rigorous series of calculations than those the juries of this district frequently and

9    capably perform when resolving other complex business disputes.  *See Castaneda v. Burger King*

10   *Corp.*, 264 F.R.D. 557, 569 (N.D. Cal. 2009) ("Reference to a master 'shall be the exception and not

11   the rule.'") (citing *Burlington Northern v. Department of Revenue*, 934 F.2d 1064, 1071 (9th Cir.

12   1991)).

13          Federal Rule of Evidence 706(a) permits the court to appoint an independent expert.  Fed. R.

14   Evid. 706(a).  The court has discretion in determining whether such an appointment is warranted.

15   *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999)

16   (district court's decision to appoint an expert under Rule 706 is reviewed for abuse of discretion).

17   James emphasizes that the parties' accounting experts have such divergent opinions that an

18   independent expert, or even a panel of experts, could assist the court in determining an accurate

19   accounting.  He does little to explain, however, why the current experts' differences in opinion are

20   such that additional court resources should be used to finance a third opinion for the trier of fact to

21   weigh.  "Divergence of opinions among the experts of the parties does not require that the court

22   appoint experts to assist it in resolving such conflicts."  *Georgia-Pac. Corp. v. U. S.*, 640 F.2d 328,

23   334 (Ct. Cl. 1980) (citing *Daly City v. Smith*, 243 P.2d 46 (Cal. 1952)).

24          In sum, James fails to demonstrate that his accounting counterclaim warrants a separate trial,

25   a special master, or an independent expert.  His motion is therefore denied.

26

27

28

1    IT IS SO ORDERED.

2

3

4    Dated: 10/21/13

5                                    RICHARD SEEBORG
                                     UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California