IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORNERSTONE STAFFING SOLUTIONS, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>LARRY THAXTER JAMES, an individual, *et al.*,<br><br>    Defendant.<br>_____ / | No. C 12-1527 RS<br><br>**ORDER DENYING MOTION TO CERTIFY PRIOR ORDER** |

## I.   INTRODUCTION

Pursuant to 28 U.S.C. § 1292(b), defendant Larry James requests certification for interlocutory review of the March 7, 2014 order on plaintiff CornerStone's motion for summary judgment. In particular, James seeks to appeal the order's determination that he is precluded—whether by lack of standing, or judicial estoppel, or both—from vindicating his claimed interest in CornerStone and various related counterclaims. Because James has not demonstrated "exceptional circumstances" warranting immediate, interlocutory appeal, the motion is denied. This matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

## II.   LEGAL STANDARD

As a general rule, a party may seek review of a district court's rulings only after the entry of final judgment. *In re Cement Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1982). The district court may

under "exceptional" circumstances, however, certify an order for interlocutory review pursuant to 28 U.S.C. § 1292(b). *Id.* at 1026 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (holding that "exceptional circumstances [must] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment")). Certification may be appropriate where: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

## III.   DISCUSSION

James falls far short of clearing the high bar required for interlocutory review. His motion, which suffers a litany of deficiencies too numerous to warrant addressing here, misses the mark at every step of the requisite § 1292(b) analysis. For purposes of resolving the motion, it is sufficient to note just a few fundamental shortcomings.

It is difficult to glean what specific "controlling question of law" James seeks to certify for appeal. While his motion addresses standing and judicial estoppel generally, it also raises several other issues, some of which were simply not addressed (or were arguably decided in James' favor) in the prior order. Although it is clear that James disputes the order's conclusion that he cannot pursue several of his counterclaims or his interest in CornerStone, he does little to frame any controlling question of law for consideration. Moreover, as in his February 2013 supplemental brief, James conflates judicial estoppel and standing, making it all the more difficult to discern what specific questions he would seek to certify for appeal. His cleanest presentation of questions appears on Page 7, where James states:

> The Ninth Circuit does not appear to have ruled definitely on the specific issues presented here:
>
> (1) Does a debtor have standing to pursue post-petition interest in earnings that were generated by debtor's personal services? 11 U.S.C. § 541(a)(6)
>
> (2) In a reopened bankruptcy, does the debtor lose standing to pursue claims that accrue post-petition by failing to identify those claims in amended schedules, including:
>
> - Equitable claims (such as unjust enrichment) for profits and value generated by post-petition personal services?
> - Fraud claim; or

- California Labor Code Section 970 claim?

(3) What evidence of inadvertence or mistake is sufficient to preclude judicial estoppel where the bankruptcy is reopened and schedules amended?

(Motion to Amend Order to Certify Appeal, ECF No. 290, 7:9-21). As an initial matter, it not apparent that each of these questions address issues that were actually relevant to the challenged order. In any event, no matter how James poses his questions, there is not a "controlling" one in the bunch.

A question of law is controlling if "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Cement Litig.*, 673 F.2d at 1026. Section 1292(b) "was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). While the challenged issue need not be dispositive of the entire lawsuit to be controlling, *see Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996), this first step of § 1292(b) analysis "should, at a minimum, require that reversal have some immediate effect on the course of litigation and result in some savings of resources." *F.T.C. v. Swish Mktg.*, C 09-03814 RS, 2010 WL 1526483, *2 (N.D. Cal. Apr. 14, 2010) (citation omitted). For example, in *Asis Internet Servs. v. Active Response Grp.*, C 07-6211 TEH, 2008 WL 4279695 (N.D. Cal. Sept. 16, 2008), the defendant sought interlocutory review of the court's holding that the plaintiffs had standing to pursue a claim under the CAN-SPAM Act. The district court concluded that the CAN-SPAM standing issue was a controlling question of law, reasoning that if the Ninth Circuit reversed, "the litigation would end." *Id.* at *3. Similarly, in *Yoshimoto v. O'Reilly Auto., Inc.*, C 10-05438 LB, 2011 WL 2669604 (N.D. Cal. July 7, 2011), the defendant sought to appeal a ruling that, if reversed, would terminate the plaintiff's case.

Here, by contrast, James seeks to appeal an order finding that he is precluded from pursuing several of his counterclaims (or portions thereof). If this action were stayed pending appeal and the Ninth Circuit ruled in James' favor, the litigation would not end; the scope of the upcoming trial would merely expand. Unlike in *Yoshimito* and *Asis*, there is no risk that in the absence of interlocutory review the court might proceed with a trial that never should have been held in the first

place. Moreover, immediate resolution of James' questions would not avoid "needless expense and delay." *See Kuehner*, 84 F.3d at 319. If anything, interlocutory review would further delay the upcoming trial, which will address numerous issues entirely unrelated to James' failed counterclaims. In the event the Ninth Circuit was eventually to reverse the challenged order, a second trial can be held at that time.

In short, there is no indication that certifying the prior order for appeal would "materially affect the outcome of the litigation in the district court." *Cement Litig.*, 673 F.2d at 1026. Accordingly, James fails to present a single "controlling question of law" that might warrant immediate review. Moreover, even if his motion were construed as properly framing a controlling question of law, James falls far short of demonstrating that there is "substantial ground for difference of opinion" that would justify accelerated consideration by the Ninth Circuit. *See* 28 U.S.C. § 1292(b). Finally, for many of the same reasons that interlocutory review would not save this litigation from needless expense and delay, certifying an immediate appeal would not "materially advance the *ultimate termination* of the litigation." *See id.* (emphasis added). Accordingly, James fails to satisfy each of the three requirements for interlocutory review under § 1292(b).

## IV. CONCLUSION

James' motion does not demonstrate that certification under § 1292(b) is warranted. Although James has not yet submitted a reply brief, there is no doubt that under these circumstances he cannot successfully invoke this "narrow exception to the final judgment rule." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Accordingly, the motion is denied.

The clerk is directed to terminate ECF No. 290 and vacate the hearing set for May 8, 2014.

IT IS SO ORDERED.

Dated: 4/7/14

RICHARD SEEBORG

UNITED STATES DISTRICT JUDGE