UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNERSTONE STAFFING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LARRY THAXTER JAMES, et al., <br><br> Defendants. | Case No. 12-cv-01527-RS <br><br> **ORDER OVERRULING OBJECTION TO DISCOVERY ORDER** |

Defendants[1] seek review of an order entered on June 8, 2015, denying their motion to compel. A district court may modify a magistrate judge's ruling on a non-dispositive matter only if the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Because defendants have shown no such error here, the objections will be overruled.

---

[1] The caption page of the present motion indicates it is brought solely by Hanbon-CT I, LLC. The signature blocks suggest it is brought by Hanbon, Larry James, and "certain other defendants." The text of the document asserts the moving parties are Hanbon and James. This order will refer to defendants collectively, as the precise scope of that term is not material to the present dispute. Defendants complain, however, the magistrate judge failed to recognize that James was a party to the underlying motion to compel. In fact, the magistrate judge expressly pointed out that the signatures to the joint letter brief left uncertainty as to which parties were seeking relief. In any event, the magistrate judge's parenthetical observation that Hanbon was not the party who had brought earlier related motions does not undermine the soundness of his analysis. Even assuming James properly joined in the letter brief, the point that no challenge to the adequacy of the prior production was made for over a year applies equally to him.

Defendants' underlying motion sought materials falling into two broad categories. First, defendants characterized their motion as seeking to "enforce two prior Court Orders requiring CornerStone to produce its financial records for 2012 and 2013 . . . ." Defendants then described the orders issued in November of 2013 and May of 2014, and set out their arguments as to why they contend CornerStone did not fully comply with its obligations thereunder. The magistrate judge denied the motion as untimely under both the general rule set out in Civil Local Rule 37-3 and the specific deadline set in this action by *stipulated* order. See Docket No. 254.

It is true that such motion cut-off deadlines do not categorically preclude motions to enforce discovery orders that call for production after the deadlines. The magistrate judge's order made clear, however, that regardless of the flexibility the court retains to enforce its orders entered near or after the discovery and motion cut-off, defendants failed to act in a timely manner here. Even to the extent defendants were not strictly limited by Rule 37-3 or the stipulated scheduling order, they did not have an open-ended period of time in which to seek relief. The magistrate judge did not clearly err or act contrary to law in concluding that defendants were not entitled to wait more than a year after the issuance of the last order in dispute before challenging the adequacy of the production of 2012 and 2013 financial records.

The second prong of defendants' motion sought to compel production of financial records for 2014 through the date of the upcoming trial. Defendants invoke the continuing duty to supplement set out in Rule 26(e) of the Federal Rules of Civil Procedure. They rely on *Dong Ah Tire & Rubber Co. v. Glasforms, Inc.*, 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008) for the proposition that "[t]he duty to supplement under Rule 26(e)(1) is directed to documents generated during the relevant time frame previously not produced but subsequently discovered." As that case further explains, "nothing in that rule imposes a never ending obligation to produce documents continuously as they are created." *Id.*

Notwithstanding defendants' claim that 2014-2015 documents are from the "relevant time frame," they plainly are seeking subsequently *created* documents, as opposed to subsequently *discovered* documents, erroneously omitted from prior production. Thus, while not expressly

addressed by the magistrate judge, the second prong of the motion was not erroneously denied either.  Plaintiff was correct to argue that the 2014-2015 financial documents simply were not the subject of any prior discovery request or order.  As such, the motion was effectively an untimely request to expand the scope of the prior orders.

That said, in light of the trial continuances, it is theoretically possible that defendants could show good cause to obtain a limited reopening of discovery for the sole purpose of obtaining 2014-2015 financial documents of the same type and scope as those previously produced for 2013-2014.  Among other things, however, defendants would have to establish adequate diligence and an absence of undue prejudice to plaintiff from requiring such production at this late juncture. Accordingly, the parties are hereby directed to meet and confer to negotiate whether a further production of materials from the 2014-2015 time frame, consistent with the type and scope of materials produced for 2012-2013, can be agreed to without further court intervention.  In the event the parties fail to reach an agreement, they may present a joint letter brief to the undersigned setting out their respective positions, not to exceed 8 pages in total, no later than July 15, 2015.

**IT IS SO ORDERED**.

Dated: June 24, 2015

_____
RICHARD SEEBORG
United States District Judge